IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| STATE OF FLORIDA; and <br> FLORIDA AGENCY FOR HEALTH CARE <br> ADMINISTRATION, <br> <br> *Plaintiffs,* <br> <br> v. <br> <br> UNITED STATES DEPARTMENT OF <br> JUSTICE, <br> <br> *Defendant.* | CASE NO._____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES Plaintiff Florida Agency for Health Care Administration ("AHCA"), an arm of Plaintiff State of Florida ("Florida" or "the State") and states as follows:

### INTRODUCTION

1. Plaintiffs bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of Defendant the United States Department of Justice ("DOJ") to respond to and fulfill AHCA's FOIA request for records.

1

2. AHCA submitted a January 30, 2023 FOIA request to the Civil Rights Division of DOJ ("DOJ-CRT") seeking documents related to, *inter alia*, Assistant Attorney General Kristen Clarke's March 31, 2022 letter to all state attorneys general regarding transgender youth ("March 2022 CRT Letter"), the Department of Health and Human Services' ("HHS") March 2, 2022 Notice and Guidance on Gender Affirming Care, Civil Rights and Patient Privacy (the "March 2022 HHS Guidance"), and AHCA's adoption of Rule 59G-1.050(7) excluding treatment of gender dysphoria from Medicaid reimbursement in Florida. Ex. 1 at 1–3.

3. To date, DOJ has not responded within FOIA's statutory deadline. Plaintiffs accordingly bring this suit to compel DOJ to immediately respond to AHCA's FOIA request and promptly disclose all responsive, non-exempt records.

**PARTIES**

4. Plaintiff State of Florida is a sovereign state and has the authority and responsibility to protect its sovereign interests and the health, safety, and welfare of its citizens.

5. Plaintiff Florida Agency for Health Care Administration ("AHCA") is an agency and arm of the State of Florida. AHCA's mission is to facilitate better health care for all Floridians. As part of that mission, AHCA is responsible for the administration of the Florida Medicaid program, licensure,

and regulation of Florida's health facilities, and for providing information to Floridians about the quality of care they receive.

6. Defendant DOJ is a federal agency of the United States within the meaning of FOIA, 5 U.S.C. § 552(f)(1), whose mission is to "uphold the rule of law, to keep our country safe, and to protect civil rights." About DOJ; Our Mission, *available at* https://www.justice.gov/about#:~:text=The%20mission%20of%20the%20Department,and%20to%20protect%20civil%20rights (last visited Mar. 8, 2023). DOJ has possession, custody, and control of records to which Plaintiff seeks access pursuant to FOIA. AHCA's FOIA request at issue in this suit was addressed and directed to DOJ-CRT.

## LEGAL STANDARD

7. FOIA requires a federal administrative agency to promptly make available requested, non-exempt agency records in response to a request that (a) reasonably describes such records, and (b) "is made in accordance with published rules stating the time, place, fees, ... and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

8. FOIA requires federal agencies to respond to a valid request within 20 working days (i.e., exempting Saturdays, Sundays, and legal public holidays) after receipt of such request, including notifying the requestor

immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

9. FOIA requires federal agencies to process any request for records to which the agency has granted expedited processing "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii); 28 C.F.R. § 16.5(e)(4). When an agency fails to meet the 20-working day requirement for responding to FOIA requests with a determination, it "presumptively also fails to" meet the expedited processing requirement. *Elec. Privacy Info. Ctr. v. DOJ*, 416 F. Supp. 2d 30, 39 (D.D.C. 2006).

10. In certain circumstances, a federal agency may provide notice to the requester that "unusual circumstances" merit additional time—up to an additional 10 working days—to respond to the request. 5 U.S.C. §§ 552(a)(4)(A)(viii)(II)(aa), (a)(6)(B)(i). If the agency determines that it will require more than an additional 10 working days to respond to the request, "the component shall, as described by the FOIA, provide the requester with an opportunity to modify the request or arrange an alternative time period for processing." *See* 28 C.F.R. § 16.5(c).

11. If the federal agency does not respond to a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

4

## JURISDICTION AND VENUE

12. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201.

13. Venue lies with this district under 28 U.S.C. § 1391(e)(1) because an agency of the United States is a Defendant, and the State of Florida is a resident of every judicial district and division in its sovereign territory, including this judicial district and division. *See Florida v. United States*, No. 3:21-cv-1066, 2022 WL 2431443, at *2 (N.D. Fla. Jan. 18, 2022) ("It is well established that a state 'resides at every point within its boundaries.'" (alteration omitted) (quoting *Atlanta & F.R. Co. v. W. Ry. Co. of Ala.*, 50 F. 790, 791 (5th Cir. 1892))); *see also California v. Azar*, 911 F.3d 558, 569–70 (9th Cir. 2018) ("[A] state with multiple judicial districts 'resides' in every district within its borders"); *Alabama v. U.S. Army Corps of Eng'rs*, 382 F. Supp. 2d 1301, 1329 (N.D. Ala. 2005).

## FACTUAL BACKGROUND

14. On January 30, 2023, AHCA submitted a FOIA request, along with an application for expedited processing and a public interest fee waiver, to DOJ, Ex. 1, and directed the request via DOJ's online FOIA portal to DOJ-CRT. The FOIA request sought, *inter alia*:

  a. Records relating to the March 2022 HHS Guidance;

  b. Records relating to the March 2022 CRT Letter;

5

c. Records relating to the Florida Department of Health's April 20, 2022 Guidance titled "Treatment of Gender Dysphoria for Children and Adolescents" ("April 2022 DOH Guidance");

d. Records relating to AHCA's June 2022 Generally Accepted Professional Medical Standards Determination on the Treatment of Gender Dysphoria ("June 2022 AHCA GAPMS") report;

e. Records relating to AHCA's adoption of Rule 59G-1.050(7) of the Florida Administrative Code, titled "Gender Dysphoria";

f. Records relating to pending litigation challenging AHCA's adoption of Florida Administrative Code 59G-1.050(7), or any other pending litigation involving HHS (or its components) regarding gender dysphoria; and

g. Records containing communications with identified nonprofit organizations and associations pertaining to the above-mentioned issues.

15. AHCA requested records in the possession of DOJ-CRT from February 1, 2022, through the date of production of the records. Ex. 1 at 2.

16. On February 2, 2023, DOJ-CRT acknowledged via email that it had received AHCA's request, Ex. 2, and in an attached February 2, 2023 letter acknowledged that AHCA's request was received by DOJ-CRT on January 30,

2023. Ex. 3. The agency noted the request had been assigned Case Number FOI/PA No.23-00100-F. *Id.*

17. DOJ-CRT's February 2, 2023 letter also indicated that because of the "need to examine a voluminous amount of records," AHCA's request "falls within 'unusual circumstances.'" *Id.* at 2 (citing 5 U.S.C. 552 § (a)(6)(B)(i)-(iii)). The letter indicated that because of these circumstances the agency was "extending the time limit to respond to [AHCA's] request beyond the ten additional days provided by the statute," and that AHCA "may wish to narrow the scope of [its] request" to allow DOJ-CRT to respond more quickly to the request. *Id.* (emphasis omitted).

18. In its January 30, 2023 FOIA request, AHCA requested expedited processing pursuant to 28 C.F.R. § 16.5(e) and 5 U.S.C. § 552(a)(6)(E) based on, *inter alia*, the urgency of informing the public concerning issuance of the March 2022 HHS Guidance and because AHCA will publicly disseminate any information obtained to inform the public regarding issues of significant interest. *See* Ex. 1 at 3–4.

19. After more than four weeks of receiving no response from DOJ regarding AHCA's January 30, 2023 application for expedited processing, on February 28, 2023, counsel for AHCA submitted a letter to DOJ-CRT's FOIA Public Liaison, April Freeman, indicating that the agency's statutory deadline for communicating a determination of whether to grant AHCA's expedited

7

processing request had passed more than two weeks previously. Ex. 4 at 1 (citing FOIA statutory requirement that the agency's notice of its determination regarding a request for expedited processing must be communicated to the requester "within 10 days after the date of the request," 5 U.S.C. § 552(a)(6)(E)(ii)). Accordingly, counsel for AHCA requested that DOJ-CRT immediately respond to AHCA's request for expedited processing.

20. Additionally, in that February 28, 2023 letter, counsel for AHCA indicated that AHCA was willing "to narrow the scope of the [FOIA] request" to ensure compliance with FOIA's statutory time frame, and thus offered to withdraw its request for records listed in categories 11 and 12 of the FOIA request to help facilitate a timely production of records. *See id.* at 1–2.

21. In response to AHCA's February 28, 2023 letter, Ms. Freeman responded via email on March 1, 2023 to notify AHCA that DOJ-CRT had reviewed and granted AHCA's request for expedited processing. Ex. 5. Ms. Freeman then indicated that "[a]ccordingly, [AHCA's] request was referred to the offices likely to have responsive records" and that "the search has been initiated." *Id.*

22. Regarding AHCA's offer to narrow the request's scope to ensure a timely determination, Ms. Freeman responded that "[a]t the present time, no, you do not need to narrow or limit the scope of your request as no one has contacted this office to seek if the request could be narrowed." *Id.* Ms. Freeman

8

indicated that DOJ-CRT would "provide [AHCA] with a response at the earliest possible date." *Id.*

23. As of February 28, 2023, at the close of business hours, 20 working days (i.e., exempting Saturdays, Sundays, and legal public holidays) had passed since DOJ-CRT received AHCA's FOIA request. *See* 5 U.S.C. § 552(a)(6)(A)(i).

24. Additionally, as of March 14, 2023, at the close of business hours, 30 working days had passed since DOJ-CRT received AHCA's request. *See* 5 U.S.C. § 552(a)(6)(B)(i).

25. Despite granting AHCA's request for expedited processing, to date DOJ-CRT has not made or communicated its determination in response to AHCA's FOIA request, nor provided any responsive materials, nor explained that responsive materials have been or will be withheld.

## CLAIMS FOR RELIEF
## COUNT ONE
**(Failure to Comply with Statutory Deadlines in Violation of FOIA)**

26. The allegations in paragraphs 1–25 are expressly incorporated herein as if restated in full.

27. More than 30 working days have passed since the FOIA request identified above was received and logged by DOJ-CRT on January 30, 2023. To date, DOJ has failed to respond to the FOIA request.

28. FOIA requires DOJ to have provided a final determination within 20 working days of AHCA's FOIA request. DOJ may extend this 20-day period in the event of "unusual circumstances," as defined by 5 U.S.C. § 552(a)(6)(B)(iii), for a maximum of 10 working days by providing written notice to the requester. *See id.* § 552(a)(6)(B)(i).

29. Although DOJ-CRT notified AHCA that it was extending the 20-day time limit due to "unusual circumstances," DOJ failed to make or communicate a final determination within 30 working days of receiving and logging the FOIA request as required by FOIA. *See id.* § 552(a)(6)(B)(i).

30. Although DOJ-CRT initially stated to AHCA that it "may wish to narrow the scope of [its] request to limit the number of potentially responsive records" to allow DOJ-CRT to "respond more quickly to [AHCA]," Ex. 3 at 2, DOJ-CRT's FOIA Public Liaison subsequently rejected AHCA's offer to narrow the scope of its request as unnecessary because no one at the agency has contacted the FOIA Public Liaison's office to ask for the request to be narrowed. *See* Ex. 5; *cf.* 28 C.F.R. § 16.5(c).

31. Additionally, by granting AHCA's request for expedited processing, Ex. 5, DOJ has already conceded that AHCA's FOIA request meets the requirements for expedited treatment because AHCA has demonstrated an urgency for the requested records. By failing to meet the standard 20-working-day requirement for responding to AHCA's FOIA request with a

10

determination, DOJ thus also presumptively failed to meet FOIA's expedited processing requirement to process the request "as soon as practicable." *See* 5 U.S.C. § 552(a)(6)(E)(iii).

32. DOJ has thus failed to timely make and communicate a determination, in violation of FOIA. *See* 5 U.S.C. § 552(a)(6).

33. All administrative remedies required by FOIA have been constructively exhausted. *See* 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT TWO
### (Unlawful Withholding of Agency Records in Violation of FOIA)

34. The allegations in paragraphs 1–25 are expressly incorporated herein as if restated in full.

35. FOIA requires DOJ to process records requests and promptly provide the requested records or the reasonably segregable portion of records not subject to a FOIA exemption. 5 U.S.C. § 552(a)(3)(B).

36. DOJ has neither provided AHCA any responsive documents in response to its request, nor has DOJ claimed that any responsive records are exempt from disclosure.

37. Therefore, DOJ's failure to produce requested records or claim applicable exemptions violates FOIA. 5 U.S.C. § 552(a)(3)(B).

## COUNT THREE

### (Declaratory Judgment)

38. The allegations in paragraphs 1–25 are expressly incorporated herein as if restated in full.

39. For the same reasons described in each of the previous counts, Plaintiffs are entitled to a declaratory judgment that DOJ has been and is violating the law.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court:

A. Declare that DOJ failed to make a timely determination on AHCA's request, in violation of FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), (a)(6)(B), (a)(6)(E)(iii);

B. Declare that DOJ failed to promptly provide records responsive to AHCA's request, in violation of FOIA, 5 U.S.C. § 552(a)(3);

C. Order DOJ to immediately conduct a reasonable search for all responsive records and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the requests as required by FOIA, 5 U.S.C. § 552(a)(3)(C);

D. Order DOJ to immediately provide a determination on AHCA's request as required by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), (a)(6)(B), and produce a *Vaughn* index of any responsive records withheld

under claim of exemption, *see Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 145–146 (D.C. Cir. 2006);

E. Order DOJ to promptly make available to AHCA all responsive, non-exempt records, as required by FOIA, 5 U.S.C. § 552(a)(3);

F. Maintain jurisdiction over this action to ensure that DOJ produces all non-exempt responsive records to AHCA and that any non-exempt portions of responsive records are not improperly withheld;

G. Award reasonable attorneys' fees and allowable costs, including under 5 U.S.C. § 552(a)(4)(E); and

H. Grant Plaintiffs such other and further relief to which they are justly entitled at law and in equity.

Dated: March 15, 2023

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

| | |
|---|---|
| */s/Joseph Hart* | */s/Mohammad Jazil* |
| Joseph E. Hart* | Mohammad O. Jazil* |
| ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY | Florida Bar No. 0072556 |
| | mjazil@holtzmanvogel.com |
| Florida Bar No. 0124720 | HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC |
| Office of the Attorney General | 119 South Monroe Street, Suite 500 |
| The Capitol, Pl-01 | Tallahassee, FL 32301 |
| Tallahassee, Florida 32399-1050 | * *Lead Counsel* |
| (850) 414-3300 | |
| (850) 410-2672 (fax) | ANDREW T. SHEERAN |
| joseph.hart@myfloridalegal.com | General Counsel |
| | Florida Bar No. 0030599 |
| * *Lead Counsel* | Andrew.Sheeran@ahca.myflorida.com |
| | Agency for Health Care Administration |
| *Counsel for the State of Florida* | 2727 Mahan Drive, Mail Stop #3 |
| | Tallahassee, Florida 32308 |
| | (850) 412-3670 |
| | |
| | *Counsel for Agency for Health Care Administration* |